## FLAUM v. STURTZ et al.

### (Supreme Court, Appellate Term. May 15, 1908.)

1. BILLS AND NOTES—ACTION—TRIAL—TAKING CASE FROM JURY—INSUFFICIENCY OF DEFENSE.

In an action against the makers and indorser of a check, where the making of the check was admitted in defendant's pleadings, and plaintiff's proofs uncontradictedly showed a delivery of the check to plaintiff by the payee and his indorsement thereon in plaintiff's presence, it was error to refuse a directed verdict for plaintiff and submit the case to the jury.

2. SAME—PLEADING—ISSUES AND EVIDENCE.

In an action on a check, where there was no issue of a forgery, an exhibit, consisting of a paper claimed to contain the signature of an indorser, as a standard of comparison, was irrelevant and improperly admitted in evidence.

3. EVIDENCE—OPINION EVIDENCE—HANDWRITING—STANDARD OF COMPARISON.

In an action against the makers and indorser of a check, it was error to permit defendants to introduce as a standard of comparison a paper alleged to contain the signature of the indorser, without allowing plaintiff the opportunity to cross-examine the indorser as to the alleged signature.

Appeal from City Court of New York.

Action by Louis Flaum against Moritz Sturtz and others. Judgment for defendants, and plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Joseph Wilkenfeld (Joseph P. Joachimsen, of counsel), for appellant.

Goldfogle, Cohn & Lind, for respondents Sturtz.
Joseph Kaufman, for respondent Echtenthal.

GREENBAUM, J. This action was brought to recover the sum of $108.25 and interest upon a check made by the defendants Sturtz to the order of defendant Echtenthal, and by him indorsed and delivered to the plaintiff for value. The makers, Sturtz, and the payee, Echtenthal, were made defendants and duly served in this action. The answers of the several defendants, in effect, set up that the check was either lost by the defendant Echtenthal or stolen from him, and that he never indorsed nor authorized the indorsement of his name thereon.

Upon the trial, the defendant Echtenthal failed to appear, and no testimony was given by him by deposition. The plaintiff and an apparently disinterested witness called in his behalf both testified that the defendant Echtenthal personally delivered and indorsed the check at the place of business of defendant, who then and there cashed it. There was no testimony proffered on the part of the defendants in contradiction of that just detailed. The only evidence adduced by the defendants was to the effect that plaintiff called upon one of the defendants Sturtz, and said he did not know Echtenthal, and that he did not care about that, as he had cashed other checks of the defendants Sturtz, and knew that they were responsible. In addition to this, the defendants offered in evidence, over the objection of plaintiff, a piece of paper with the name of the defendant Victor Echtenthal written upon it, upon the testimony of one of the defendants Sturtz that he saw Echtenthal write his name thereon at the office of his attorney some time before the trial.

Plaintiff denied that he told Sturtz that he did not know Echtenthal. Upon this state of the proofs, the plaintiff, at the close of the entire case, moved for a direction of a verdict in his favor, and upon the denial of this motion he duly excepted. The court submitted the case to the jury upon the theory that a question of fact was presented as to whether or not the defendant Echtenthal had indorsed the check and as to whether the indorsement was a genuine one. The learned court recognized in its charge to the jury that there was no evidence that the check had been lost.

As the case stood it is difficult to understand what issue of fact there was for the jury. The making of the check was admitted in the pleadings, and the plaintiff's proofs uncontradictly showed a delivery of the check to the plaintiff by the payee and his indorsement thereon in plaintiff's presence. The defense that the check was lost or stolen was not even attempted to be established. There was no denial of the proofs of delivery and indorsement, as Echtenthal did not appear upon the trial.

The paper claimed to contain the signature of the defendant Echtenthal was erroneously admitted in evidence, first, because there was no issue of forgery, there being no proof that the check had been lost or stolen; and, secondly, because in no event would such a paper be admissible, without an opportunity having been afforded the plaintiff to cross-examine the defendant Echtenthal with respect to this alleged signature. If a signature may be made a standard of comparison by the method adopted in this case, then would it be an easy matter to open the door to the manufacture of evidence without an opportunity to the aggrieved party to test the circumstance under which the signa-

ture was written or to show that it was not the usual signature. But, aside from the inadmissibility of the exhibit in question, the plaintiff had fully established his cause of action by competent proof, and the defendants had absolutely failed to tender any testimony upon the real issues in the case. The motion to direct a verdict should have been granted.

The judgment is reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.